UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DEWAUN JAMES SWAN,<br><br>                    Plaintiff,<br><br>       v.<br><br>PIERCE COUNTY JAIL, et al.,<br><br>                    Defendants. | Case No. 3:18-cv-05310 BHS-TLF<br><br>REPORT AND RECOMMENDATION<br><br>**Noted for October 26, 2018** |

Plaintiff Dewaun James Swan has filed a civil rights complaint against Pierce County Jail and the City of Tacoma. Dkt. 7, 11. The Court granted his motion for leave to proceed *in forma pauperis* (IFP). Dkt. 10. On May 7, 2018, the Court directed plaintiff to amend his complaint or otherwise show cause why the complaint should not be dismissed. Dkt. 4. Plaintiff filed an amended complaint in response. Dkt. 7, 11.

On August 10, 2018, the Court again found that the complaint contained deficiencies that, if not cured, would warrant dismissal under the Court's screening responsibilities. Dkt. 12; *see* 28 U.S.C. § 1915(e)(2)(B). The Court again directed plaintiff to amend his complaint or otherwise show cause why it should not be dismissed. Dkt. 12. The Court directed plaintiff to file a response or an amended complaint by September 14, 2018. *Id.* The plaintiff has not responded.

For the reasons discussed below and in the Second Order to Show Cause or Amend the Complaint, Dkt. 12, the amended complaint fails to state a claim upon which relief can be granted. *See* Dkt. 11; FRCP 12(b)(6). Plaintiff has been provided two opportunities to comply

REPORT AND RECOMMENDATION - 1

1  with the pleading requirements and has not done so. Accordingly, the Court should dismiss the
2  complaint without prejudice.

### DISCUSSION

4  The Court will dismiss a complaint at any time if the action fails to state a claim, raises
5  frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from
6  such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To state a claim for relief under 42 U.S.C. § 1983, a
7  plaintiff must show that: (1) the plaintiff suffered a violation of rights protected by the
8  Constitution or created by federal statute, and (2) the violation was proximately caused by a
9  person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir.
10 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right
11 allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a
12 plaintiff must allege facts showing how individually named defendants caused, or personally
13 participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350,
14 1355 (9th Cir. 1981).

15 Here, plaintiff's amended complaint alleges that his "freedom of liberty was restrained"
16 and he was wrongly accused and falsely arrested. Dkt. 11, p. 3. Plaintiff does not name any
17 individual defendant.

18 Plaintiff has had two opportunities to amend the complaint to allege facts sufficient to
19 state a § 1983 claim, and he has not done so. The amended complaint suffers from deficiencies
20 that require dismissal of the entire action. 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1).

21 Plaintiff names Pierce County Jail as a party. The Pierce County Jail is not a legal entity
22 capable of being sued in a 42 U.S.C. § 1983 action. Section 1983 applies to the actions of
23 "persons" acting under color of state law. Municipalities are subject to suit under § 1983. *Monell*

1  *v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978); *Owen v. City of*
2  *Independence, Mo*., 445 U.S. 622, 637 (1980) (holding § 1983 is expansive and does not
3  expressly incorporate common law immunities). But "to bring an appropriate action challenging
4  the actions, policies or customs of a local governmental unit, a plaintiff must name the county or
5  city itself as a party to the action, and not the particular municipal department or facility where
6  the alleged violation occurred." *Bradford v. City of Seattle*, 557 F. Supp. 2d 1189, 1207 (W.D.
7  Wash. 2008) (holding Seattle Police Department is not a legal entity capable of being sued under
8  § 1983) (citing *Nolan v. Snohomish County*, 59 Wn. App. 876, 883 (1990)).

9        Plaintiff also names the City of Tacoma as a party. To hold a municipality like the City of
10 Tacoma liable under section 1983, plaintiff must show that the municipality itself violated his
11 rights or that it directed its employee to do so. *Bd. of County Comm'rs of Bryan County v.*
12 *Brown*, 520 U.S. 397, 404 (1994). Under this theory of liability, the focus is on the
13 municipality's "policy statement, ordinance, regulation, or decision officially adopted and
14 promulgated by that body's Officers." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988)
15 (quoting *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690 (1978)).

16       A local governmental unit may not be held responsible for the acts of its employees under
17 a respondeat superior theory of liability. *See Monell*, 436 U.S. at 694. Thus, to sue a local
18 governmental entity, a plaintiff must allege facts showing that any constitutional deprivation he
19 suffered was the result of a custom or policy of the local governmental unit. *Id.* Plaintiff has not
20 done so here with respect to the City of Tacoma.

21       **CONCLUSION**

22       Because the amended complaint, Dkt. 11, does not state a claim for relief under 42
23 U.S.C. § 1983, the Court should DISMISS this action under 28 U.S.C. § 1915(e)(2).

24

25

REPORT AND RECOMMENDATION - 3

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **October 26, 2018**, as noted in the caption.

Dated this 10th day of October, 2018.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4